**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

PAOLA NEGRON VIDAURRE, on behalf of herself and others similarly situated,

    Plaintiff,

vs.

EQUANIMITY BEHAVIORAL SERVICES CO., a Florida Profit Corporation, and KELLY NEGRON, an individual,

    Defendants.

_____/

COLLECTIVE ACTION COMPLAINT

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff PAOLA NEGRON VIDAURRE ("Plaintiff" or "Vidaurre"), on her own behalf and on behalf of those similarly situated ("Class Members"), who was an employee of Defendants EQUANIMITY BEHAVIORAL SERVICES CO. ("EBS") and KELLY NEGRON ("Negron") (EBS and Negron together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), for retaliatory discharge for Vidaurre individually, and for a declaration of rights.

### I.    NATURE OF THE CASE

1. Pursuant to the FLSA, Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

1

> All persons who worked for Defendants during the three years preceding the filing of this lawsuit and who worked hours without compensation for one or more weeks.

2. Additionally, for the Class Members Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

3. Individually, Plaintiff Vidaurre seeks damages for retaliatory discharge.

4. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## II.   JURISDICTION AND VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because wages were earned and due to be paid in this District; because Defendants' business is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff and Class Members' federal question claims.

## III.   PARTIES

7. Plaintiff PAOLA NEGRON VIDAURRE is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e), from approximately August, 2020 to May 12, 2021. Plaintiff consents to participate in this lawsuit.

8. Plaintiff and the proposed Class Members were subjected to similar violations of the FLSA during the three years preceding the filing of this lawsuit ("Relevant Time Period").

2

9. Defendant EQUANIMITY BEHAVIORAL SERVICES CO. ("EBS") is a Florida profit corporation that employed Plaintiff and Class Members.

10. Defendant KELLY NEGRON ("Negron"), an individual and sui juris, upon knowledge and belief is an owner, manager and employer of EBS. Negron acted directly and indirectly in the interest of EBS. Negron managed EBS and had the power to direct employees' actions. Negron had management responsibilities, degree of control over the corporation's financial affairs and compensation practices and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at EBS in accordance with the FLSA, making Defendant Kelly Negron an employer pursuant to 29 USC § 203(d).

## IV.    COVERAGE

11. During all material times, Defendant EQUANIMITY BEHAVIORAL SERVICES CO. was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce within the meaning of § 29 U.S.C. 203(s)(1)(A)(i) of the Act, in that said enterprise had employees engaged in commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. During all material times, pursuant to § 29 U.S.C. 203(s)(1)(B) of the Act Defendant EQUANIMITY BEHAVIORAL SERVICES CO. was an enterprise covered by the FLSA in that said enterprise was engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education

(regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

13. During all material times, pursuant to § 29 U.S.C. 203(s)(1)(C) of the Act Defendant EQUANIMITY BEHAVIORAL SERVICES CO. was an enterprise covered by the FLSA in that said enterprise was engaged in an activity of a public agency.

14. During all material times, Defendant KELLY NEGRON was an employer as defined by 29 U.S.C. § 203(d).

15. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

16. During all material times, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) or, if Defendants' enterprise had been in operation less than a year, was projected, based on monthly revenue, to have annual revenues in excess of $500,000.

## V.     FACTUAL ALLEGATIONS

17. Upon knowledge and belief, Defendants operate a company under the name EQUANIMITY BEHAVIORAL SERVICES CO., located in Broward County, Florida, through which Plaintiff and the Class Members were employed.

18. Plaintiff and Class Members worked for Defendants during the three years preceding the filing of this lawsuit ("Relevant Time Period").

4

19. Defendants suffered or permitted Plaintiff and Class Members to work compensable hours without pay.

20. Defendants also suffered or permitted Plaintiff and Class Members to work off-the-clock at the beginning of the workday, and off-the-clock at the end of their workday.

21. For each hour worked in excess of forty per workweek, Defendants owe Plaintiff and Class Members at the rate of one-and-a-half times their regular rate of pay.

22. For each unpaid hour worked up to forty per workweek, Defendants owe Plaintiff and Class Members the full applicable Florida minimum wage.

23. For suffering or permitting Plaintiff and Class Members to work compensable hours without compensation during the Relevant Time Period, Defendants willfully engaged in practices that denied Plaintiff and Class Members the applicable minimum and overtime wage under the FLSA.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff seeks certification of collective action from this court, for herself and those similarly situated, pursuant to 29 U.S.C. 216(b).

26. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

27. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007),

5

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC,* 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion—not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id*.

28. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they worked for Defendants' business as therapists and supervisors.

29. Plaintiff and those similarly situated were subjected to similar policies in that they were therapists and supervisors who were not paid for all compensable hours worked.

30. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the 216(b) collective action are properly defined as:

> All persons who worked for Defendants during the three years preceding the filing of this lawsuit and who worked hours without compensation for one or more weeks.

31. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

6

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

32. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and Class Members to work compensable hours without pay.

33. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing therapists and supervisors in an enterprise engaged in commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for all of their compensable work at the applicable rate.

34. Thus, Defendants acted willfully by failing to pay Plaintiff, and Class Members, in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

35. Plaintiff, on behalf of herself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

36. Defendants regularly suffered or permitted Plaintiff and Class Members to work hours without pay.

37. Defendants regularly suffered or permitted Plaintiff and Class Members to work off-the-clock at the beginning and end of their shifts.

38. Defendants knew or showed reckless regard for whether their actions complied with the Fair Labor Standards Act.

39. By suffering or permitting Plaintiff and Class Members to work hours hours without pay, Defendants owe Plaintiff and Class Members the full applicable Florida wage.

40. As a direct and proximate result of suffering or permitting Plaintiff and Class Members to work hours without pay, Plaintiff and Class Members have been damaged for one or more weeks of work with Defendants.

7

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

WHEREFORE, Plaintiff PAOLA NEGRON VIDAURRE, on behalf of herself and those similarly situated, demands judgment in her favor and against Defendants EQUANIMITY BEHAVIORAL SERVICES CO. and KELLY NEGRON, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all unpaid hours worked up to forty in a week at the full applicable Florida minimum wage rate;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all unpaid hours worked up to forty in a week at the full applicable Florida minimum wage rate or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF 29 U.S.C. § 215(a)(3)

### (VIDAURRE individually)

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

42. Defendants employed Plaintiff during the statutory time period.

43. Plaintiff was not paid for all compensable hours worked.

44. Plaintiff complained to Defendants that she was owed wages and Plaintiff was subsequently terminated.

45. Defendants' motivating factor for terminating Plaintiff was retaliation for her complaint about her unpaid wages.

8

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

46. Because of his termination, Plaintiff was damaged for one or more weeks.

WHEREFORE, Plaintiff PAOLA NEGRON VIDAURRE, on behalf of herself and those similarly situated, demands judgment in her favor and against Defendants EQUANIMITY BEHAVIORAL SERVICES CO. and KELLY NEGRON, jointly and severally, as follows:

a) Award to Plaintiff for payment of lost wages and liquidated damages equal to the lost wages;

b) Award to Plaintiff of front pay;

c) Award to Plaintiff of compensatory damages for emotional distress and humiliation;

d) Award to Plaintiff of punitive damages;

e) Award to Plaintiff of reasonable attorneys' fees and costs; and

f) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

47. Plaintiff reincorporates and re-alleges paragraphs 1 through 35 as though set forth fully herein, and further alleges as follows:

48. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

49. Defendants did not rely on a good faith defense in suffering or permitting Plaintiff and Class Members to work unpaid hours at the beginning and/or end of their shifts.

50. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

51. Defendants currently employ members of the Class sought to be certified.

9

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM

52. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE, Plaintiff PAOLA NEGRON VIDAURRE, on behalf of herself and those similarly situated, demands judgment in her favor and against Defendants EQUANIMITY BEHAVIORAL SERVICES CO. and KELLY NEGRON, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 25th day of July, 2021.

By:  **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
BrockLegalTeam@gmail.com
*Law Office of Robert W. Brock II*
10074 E. Bay Harbor Dr., Ste. 74D
Bay Harbor Islands, FL 33154
Tel.: (305) 781-5030
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 25, 2021**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified,

10

Law Office of Robert W. Brock II · 10074 E. Bay Harbor Dr., Ste. 74D ·
Bay Harbor Islands, FL 33154 · Tel.: 305.781.5030 · BrockLegalTeam@gmail.com

either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

11

LAW OFFICE OF ROBERT W. BROCK II · 10074 E. BAY HARBOR DR., STE. 74D ·
BAY HARBOR ISLANDS, FL 33154 · TEL.: 305.781.5030 · BROCKLEGALTEAM@GMAIL.COM